# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| VERN GAYLE GREY,<br><br>Plaintiff,<br><br>vs.<br><br>PROBATION OFFICERS LEE BLAZER and MILLISSA LESMEISTER, LINDA LINDSTROM, and PAT LINDSTROM,<br><br>Defendants. | Cause No.  CV 09-00054-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT |

Pending is Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) and a proposed Complaint (Document 2).

## I.  STATEMENT OF THE CASE

### A.     Parties

Plaintiff is currently a prisoner in federal custody incarcerated at Crossroads Correctional Center in Shelby, Montana.  He plead guilty in Federal Court to

being a felon in possession on July 1, 2009.  He is scheduled to be sentenced on

October 22, 2009. (Criminal Action No. 09-CR-00002-DWM, Minute Entry 25).

Plaintiff names as Defendants Milissa Lesmeister and Lee Blazer, two

probation officers from Helena.  He also names two individuals, Linda and Pat

Lindstrom.

### B.    Plaintiff's Allegations

Plaintiff alleges Linda and Pat Lindstrom moved guns and ammunition into

his trailer home and then called his probation officers Lee Blazer and Milissa

Lesmeister.  He contends the Lindstroms wanted Plaintiff "out of the way" to

collect all of his mother's inheritance themselves.  He argues he was illegally set

up and entrapped.

Plaintiff seeks half of the estate, loss of wages, and his freedom.

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

The Court may permit indigent litigants to proceed in forma pauperis upon

completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  But the

court has broad discretion in denying an application to proceed in forma pauperis.

*Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84

S.Ct. 97, 11 L.Ed.2d 72 (1963).  "A district court may deny leave to proceed in

forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)*.

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007); *Cf*. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").  Plaintiff's Complaint is frivolous for several reasons and therefore his motion to proceed in forma pauperis should be denied.

### A.  Federal Issue

Initially, the Court notes Plaintiff failed to state a federal claim for relief. Plaintiff could be attempting to sue his probation officers under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178,

1185 (9th Cir. 2006).

Plaintiff has not alleged the Lindstroms acted under color of state law. Moreover, he makes no allegations of wrongdoing against his probation officers much less any allegation they deprived him of rights secured by the Constitution or federal law.

Regardless, the only federal claims which could even potentially be raised in this case would be barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To the extent Plaintiff is seeking to bring state law claims against Defendants, the Court will decline to exercise supplemental jurisdiction.

## B.  Heck v. Humphrey

In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Heck*, 512 U.S. 477. A claim challenging the legality of a conviction or sentence that has not been so

invalidated is not cognizable under § 1983. *Heck,* 512 U.S. at 487; *Edwards v. Balisok*, 520 U.S. 641, 643, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

In *Heck*, the Supreme Court held that

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added).

Any decision regarding the alleged unauthorized placement of weapons in Plaintiff's residence would necessarily imply the invalidity of his federal conviction for felon in possession of a weapon. Plaintiff's conviction has not been reversed, declared invalid, expunged, or called into question; therefore, Plaintiff has failed to state a claim upon which relief may be granted.

## C. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. As this Court is recommending the

dismissal of any federal claims, it further recommends the Court decline to exercise supplemental jurisdiction over any state law claims.

## III.  CONCLUSION

Plaintiff's claims are barred by the *Heck* doctrine.  This is not a defect which could be cured by amendment.  Accordingly, Plaintiff's Complaint should be dismissed without prejudice.

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
(A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  See *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).

For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. The finding that Plaintiff's claims are barred by the *Heck* doctrine is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1. Plaintiff's Motion for Leave to Proceed in forma pauperis (Document 1) should be **DENIED** and Plaintiff's Complaint **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

3.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT-CV-09-00054-H-DWM-RKS / PAGE 8

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

These Recommendations are not an appealable order and any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 28th  day of September, 2009.


*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge