

**FILED**

DEC 0 2 2009

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| VERN GAYLE GREY, | ) | CV 09-54-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PROBATION OFFICERS LEE BLAZER | ) | |
| and MILLISSA LESMEISTER, LINDA | ) | |
| LINDSTROM, and PAT LINDSTROM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Vern Gayle Grey applied to proceed *in forma pauperis* with this action. He contends that Defendants Linda and Pat Lindstrom moved guns and ammunition into his home to frame him, resulting in his conviction for being a felon in possession of firearms and ammunition. The Lindstroms are not state actors.

United States Magistrate Judge Keith Strong conducted preliminary

-1-

screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Judge Strong issued Findings and Recommendations in which he determined that the Complaint should be dismissed on preliminary screening for failure to allege deprivation of federal rights by a state actor. Judge Strong also notes that because Plaintiff Grey's conviction remains valid, his claim is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-76 (1994).

This Court reviews the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Strong's recommendation and adopt it in full. It is therefore HEREBY ORDERED that Plaintiff Grey's application to proceed *in forma pauperis* (Doc. No. 1) is DENIED, and the Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 2nd day of December, 2009.

_____
Donald W. Molloy, District Judge
United States District Court